ROBERT L. BLAND, Judge;.
Claimants, residents and taxpayers of the city of Hunting-ston, Cabell county, West Virginia, made and filed with the state tax commissioner of the state of West Virginia, on March 15, 1938, regular income tax returns and paid taxes to the state for the year of 1937, in accordance with the law in such case made and provided. After making and filing these returns and the payment of taxes thereon they discovered that by reason of their failure to take into consideration, in determining the amount of their respective incomes for the year 1937, the fair market value of the stock of the Charleston Broadcasting Company, a West Virginia corporation, as of January 1, 1935, which said company was being liquidated in the years 1936 and 1937, they-paid to the state the following sums in excess of the amounts which they were obligated to pay to the state as income taxes for said year 1937:
Joseph Harvey Long, $617.31.
*26 Paul Walker, Long, $308.65.
Jenny Eloise Long, $308.65.
Hilda S. Long, $308.65.
Subsequent to two years after filing by claimants of their said income tax returns for the year 1937, but within three years from the time they so filed their 1937 income tax returns, they respectively filed with the state tax commissioner requests for and claims of refunds in the said excess sums so paid by them respectively, with interest from the date of said payments, which requests and claims were refused and denied by the state tax commissioner for the reason that under the regulations promulgated by the state tax commissioner the said requests and claims were not presented or made within two years from the date of the filing by claimants of their income tax returns for the year 1937 and because the hereinafter specified three year limitation upon so doing was not applicable to such requests or claims of refund.
Claimants direct the court’s attention to chapter 128 of the Acts of the Legislature, regular session, 1939, amending and reenacting article 13-a of chapter 11 of the code of West Virginia of 1931, which provides as follows:
"Sec. 54. Refunds. A taxpayer who has paid in any manner, except under the provisions of subsection three or four of section fifty-three, an amount of tax for any taxable period in excess of the amount legally due for such period, may file with the commissioner a claim for refund of such excess.
“Unless a claim for refund is filed by the taxpayer within three years from the time the tax was due or within two years from the time the tax was paid, whichever shall be the later date, no refund shall be allowed.
"The amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceeding the filing of the claim, or, if no claim was filed, then during the three years immediately preceeding the allowance of the refund. A refund under this section shall be with interest at *27 six per cent from time of payment. Interest payments on refunds heretofore made under this article are hereby authorized and approved.”;
and to the regulations relating to the West Virginia Personal Income Tax Act, promulgated by the state tax commissioner, which includes the original income tax act of 1935, as amended by the Acts of the Legislature of 1937 and as further amended by the Acts of the Legislature of 1939, which contains, in section 54 thereof, page 155, the same provisions as are above set forth, with section 61 of said regulations of the state tax commissioner reading as follows:
“Sec. 61. This article shall take effect as of January first, one thousand nine hundred thirty-five, and the first tax to be assessed under this article shall be computed upon income received during the calendar year one thousand nine hundred thirty-five.”
Claimants say that relying upon the provisions of section 61 as set forth in the regulations of the state tax commissioner they were informed and believed that they could make such requests for and claim of refund of the said overpayments of taxes for 1937, in the said sums of $617.31, $308.65, $308.65, and $308.65, within a period of three years after the date of the filing of their respective income tax returns for the year 1937 on or before March 15, 1938, that is, that they could make such requests or claims for refunds at any time prior to March 15, 1941, and that they did so make such requests and claims for refund within that time, and that although it may be true that they have no strictly legal right to have refunds on account of the said provisions of the said regulations of the state tax commissioner, yet they contended that they relied upon the information furnished by the state tax commissioner in his said pamphlet of regulations as to the law and to the regulations relating thereto and as to the time within which they could apply for such refund, and consequently they have been unduly and unfairly prejudiced and damaged on that account in the premises, and have suffered the loss of the amount of refund claimed, with interest thereon, which loss and damages they maintain they should not in equity and in fairness suffer.
*28 In this proceeding claimants seek awards for said alleged over-payments, with interest thereon from March 15, 1938.
Respondent admits the filing of 1937 income tax returns and the payment of taxes thereon on March 15, 1938 by claimants, but has moved to dismiss all four of the claims. Respondent contends that under the law applicable (section 53, article 13-a, chapter 11 of the code as amended by chapter 89, Acts of the Legislature of 1935) claimants were required to. make application to the commissioner for revision of the taxes assessed against them at any time within one year from the filing of the returns, whereupon the tax commissioner would be required by statute to refund to the taxpayers the amount, if any, paid in excess of the tax found by him to be due; and that likewise any refund under the provisions of the general appropriation of chapter 1, Acts of the Legislature, 1937, title 2, section 8 expired as of June 30, 1939, the end of the second fiscal year (chapter 1, title 1, section 2, Acts of the Legislature, 1937). It is maintained that the claims for refunds for everpayment expired and were barred by the statute of limitations at least eight months prior to the circulation of the regulation containing the alleged misrepresentation as complained of by the claimants, which regulations were not given public circulation until at least February 15, 1940, and that therefore no injury or prejudice to the rights of claimants could have occurred from any alleged misrepresentation occurring after the claimants were legally barred from filing applications for income tax refunds for overpayment of taxes.
Respondent further defends the four several claims on the theory that claimants had an adequate remedy under section 53, article 13-a, chapter 11 of the code as amended, chapter 89, Acts of the Legislature, 1935, whereby they could have paid the tax under protest and then made application to the tax commissioner for refunds of the amounts paid within one year from the filing of the return, and if refused refunds they could have brought mandamus proceedings in the circuit court of Kanawha county against the tax commissioner asking that the *29 correct amount of their tax liability be extended and that any excess paid by them beyond the proper charge be refunded as authorized by the decisions of the Supreme Court of Appeals of West Virginia in Dickinson v. James, 120 W. Va. 222. It is argued that claimants had an adequate remedy within the meaning of subsection 7, section 14, article 2, chapter 14 of the code providing that the jurisdiction of the State Court of Claims shall not extend to any claim with respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of the state.
Upon careful consideration of the record we conclude that claimants could not have been misled by anything contained or appearing in the regulations promulgated by the tax cpmmis-sioner. Their failure to make application- for refunds within the time prescribed by statute to do so was doubtless the result of misapprehension or inadvertence on the part of the person charged by claimants with the responsibility and duty of making application for refunds on their behalf. The evidence offered by claimants upon the hearing in support of their claims seems to us to warrant this conclusion.
Claimants admit that they have no strictly legal right to refunds but argue that in equity and good conscience awards should be made in their favor. This court has no power to extend the time for making application for refund of taxes paid beyond that fixed by statute. Under the facts disclosed by the record we are unable to perceive that claimants are entitled to redress against the state, either at law or in equity.
Claimants had a remedy afforded them by statute. By pursuing that remedy and making application for refunds of excess income taxes paid by them within the period fixed by law to do so it would have been the duty of the tax commissioner to make such refunds to them as they might have shown themselves to be entitled to receive. This court must deal with the statute as it finds it. We have no power to afford claimants relief in the premises.
An award is denied in each case.